FILED
December 14, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003141600

EDDIE R. JIMENEZ (CA SBN 231239)
MATTHEW R. CLARK (CA SBN 271054)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

Attorneys for  BANK OF AMERICA, NATIONAL ASSOCIATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>PLARIDEL S. PONGE AND MARILOU M. PONGE,<br><br>Debtor(s). | Case No. 10-45975-A-13L<br><br>Chapter 13<br><br>D.C. No. PD-1<br><br>DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001) |
| BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>Movant,<br><br>vs.<br><br>PLARIDEL S. PONGE AND MARILOU M. PONGE, Debtor(s); LAWRENCE J. LOHEIT, Chapter 13 Trustee,<br><br>Respondents. | LBR 4001-1 and 9014-1(f)(1)<br><br>DATE:      January 18, 2011<br>TIME:      1:00 p.m.<br>CTRM:      33<br><br>501 "I" Street<br>Sacramento, CA 95814 |

I, Teresa Diaz-Cochran, declare:

1.  I am employed as a Bankruptcy Analyst by Wells Fargo Home Mortgage DBA America's Servicing Company. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of

/././

1  age. I have knowledge regarding Bank of America, National Association's ("Movant") interest in the
2  real property that is the subject of this Motion.

3  2.  I am employed by America's Servicing Company, the authorized loan servicing agent
4  for Movant and I am duly authorized to make this declaration on behalf of Movant.

5  3.  I am familiar with the manner and procedures by which America's Servicing
6  Company's business records are obtained, prepared, and maintained. Those records are obtained,
7  prepared, and maintained by America's Servicing Company's employees or agents in the
8  performance of their regular business duties at or near the time, and conditions, and/or events
9  recorded thereon. The records are made either by persons with knowledge of the matters they record
10 or from information obtained by persons with such knowledge. I have knowledge and/or access to
11 America's Servicing Company's business records regarding the Note and Deed of Trust that are the
12 subject of this action and have personally reviewed these business records prior to executing this
13 declaration.

14 4.  On or about August 3, 2005, Debtors, for valuable consideration, made, executed and
15 delivered to Realty Mortgage, LLC ("Lender") a Note in the principal sum of $520,000.00 (the
16 "Note").  Pursuant to the Note, Debtors are obligated to make monthly principal and interest
17 payments commencing October 1, 2005, and continuing until September 1, 2035, when all
18 outstanding amounts are due and payable.  A copy of the Note is attached to the concurrently served
19 and filed Exhibits to the Declaration in Support of Motion for Relief From Automatic Stay
20 ("Exhibits") as exhibit A and incorporated herein by reference.

21 5.  Movant qualifies as the Note Holder and is entitled to payments under the Note.

22 6.  On or about August 3, 2005, Debtors made, executed and delivered to Lender a Deed
23 of Trust (the "Deed of Trust") granting Lender a security interest in the certain real property located
24 at 4118 Penny Lane, Vallejo, California, 94591 ("Real Property"), which is more fully described in
25 the Deed of Trust.  The Deed of Trust provides that attorneys' fees and costs incurred as a result of
26 the Debtors' bankruptcy case may be included in the outstanding balance under the Note.  The Deed
27 of Trust was recorded on August 10, 2005, in the Official Records of Solano County, State of
28 /././

1  California. A copy of the Deed of Trust is attached to the Exhibits as exhibit B and incorporated
2  herein by reference.

3        7.    Subsequently, Lender's beneficial interest in the Note and Deed of Trust was assigned
4  and transferred to Movant. A copy of the Corporation Assignment of Deed of Trust evidencing the
5  Assignment of the Deed of Trust to Movant is attached to the Exhibits as exhibit C and incorporated
6  herein by reference.

7        8.    As the loan servicer, America's Servicing Company acts as an agent for Movant and
8  is responsible for the administration of the loan until the loan is paid in full, assigned to another
9  creditor, or the servicing rights are transferred. Administering the loan includes sending monthly
10 payment statements, collecting monthly payments, maintaining records of payments and balances,
11 collecting and paying taxes and insurance (and managing escrow and impound funds), remitting
12 monies tendered under the Note to Movant, following up on loan delinquencies, home loan
13 workouts and home retention programs, and other general customer service functions. Further, in the
14 event of a default under the terms of the Note or Deed of Trust, America's Servicing Company is
15 authorized by Movant under the terms of the loan servicing agreement to enforce the terms of the
16 Deed of Trust.

17       9.    The Debtors are in default of their obligations under the Note for failure to make
18 payments as of March 1, 2010. As of November 29, 2010, the total amount owing under the Note is
19 the approximate sum of $509,248.13, representing the principal balance in the amount of
20 $485,736.72, interest in the sum of $24,093.85, late charge in the amount of $467.64, recoverable
21 balance in the amount of $1,637.80, other fees in the amount of $105.00, and less a suspense balance
22 in the amount of $<2,792.88>. Further, Movant has incurred additional post-petition attorneys' fees
23 and costs in bringing the instant Motion. This is an approximate amount for purposes of this Motion
24 only, and should not be relied upon as such to pay off the subject loan as interest and additional
25 advances may come due subsequent to the filing of the Motion. An exact payoff amount can be
26 obtained by contacting Movant's counsel.

27       10.    As a result of the default under the Note, a Notice of Default was recorded on May 10,
28 /././

1  2010.

2  11.  Movant has not received the post-petition payments owing for October 1, 2010
3  through December 1, 2010. Accordingly, the post-petition arrears owing under the Note are in the
4  approximate sum of $9,352.98, consisting of three payments (3) in the amount of $3,117.66,
5  excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion. A copy of
6  the post-petition payment accounting pursuant to Local Rule 4001(d)(1) is attached to the Exhibits as
7  exhibit D and incorporated herein by reference.

8  12.  Pursuant to L.B.R. 4001(d)(2), on November 30, 2010, Movant caused a letter to be
9  sent to Debtors' counsel and the Chapter 13 Trustee advising of the default, and providing an
10 opportunity to cure the default. A copy of the default letter is attached to the Exhibits as exhibit E
11 and incorporated herein by reference.

12 13.  I am informed and believe that, based on the Debtors' bankruptcy Schedules, the fair
13 market value of the Real Property is no more than $323,000.00 True and correct copies of Debtors'
14 bankruptcy Schedules A and D are collectively attached to the Exhibits as exhibit F and incorporated
15 herein by reference.

16 14.  Based on the above, under the best case scenario, Movant is informed and believes
17 that the equity in the Real Property is as follows:

| | |
|---|---|
| Fair Market Value: | $323,000.00 |
| Less: | |
| Movant's Trust Deed | $509,248.13 |
| Wells Fargo Bank's 2nd Deed of Trust | $59,807.33 |
| Costs of Sale (8%) | $25,840.00 |
| Equity in the Property: | $<271,895.46> |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this ___ day of ___, 2010, at Fort Mill, South Carolina.

Teresa Diaz-Cochran
Bankruptcy Analyst

- 4 -

00000082-695880-M                                                                    10-45975-A-13L